## CRUM v. HILL.

**Replevin**: CONTRACT: EVIDENCE. H. contracted to purchase a lot of C., entered into possession and erected a house thereon. Subsequently the contract was abandoned and the property surrendered to C. upon the condition that the notes executed for the purchase of the land should be given up, whereupon H. rented the property and remained in possession. Before the cancellation of the notes H. removed the house from the lot without the knowledge of C. *Held*,

    1. That C. could maintain replevin for the house.

    2. That it was not competent to prove that H. erected the house upon posts with the intention of removing it, since, by the agreement between the parties, it became the property of C.

*Appeal from Johnson District Court.*

FRIDAY, JUNE 11.

REPLEVIN for a house which defendant was, at the time removing from a lot owned by plaintiff, to his own property. There was a verdict and judgment for plaintiff; defendant appeals.

*Cornell Bros.*, for appellant.

*Fairall, Boal & Jackson*, for appellee.

BECK, J.—I. The defendant had purchased, or contracted to purchase, of plaintiff a lot in Iowa City, and thereupon had entered upon its possession. He erected a small house thereon, and after occupying it for a time removed it from the lot. Before it was finally placed upon his own lot, to which he was removing it, this action was commenced. Plaintiff claims the property under an arrangement or agreement by which defendant abandoned the contract and surrendered the property to plaintiff, who agreed to cancel the contract and the notes given for the purchase price of the lot. At the time of this agreement defendant undertook to pay rent for the house and continued to occupy it. Before the notes were cancelled, defendant removed the house from the lot, and, without informing plaintiff, accepted his notes for cancellation. There was evidence tending to establish these facts. The court instructed the jury that, if they found such facts, the law gave defendant no right to remove the house. This instruction is the ground of an objection to the judgment. It is clearly correct. Under the agreement of the parties, which was to the effect that defendant surrendered all claim to both the house and lot, the plaintiff acquired a right to the whole property. The defendant thereby transferred to plaintiff all his interest therein.

II. Defendant offered to prove that the house was built upon posts, with the intention of removing it. The evidence was excluded, and the court instructed the jury that defendant's intention to remove the house gave him no right so to do, in the absence of an agreement between the parties upon the rescission of the contract that he should have that right. These rulings are correct. Defendant's intentions, unless known to plaintiff, did not affect his rights.

The agreement for the cancellation of the contract under which defendant held the lot, operated as a purchase by plaintiff of defendant's interest in the property. Plaintiff was to surrender to defendant his notes, and defendant was to give plaintiff possession of the property and pass all right to hold it to plaintiff. Defendant, it may be admitted, owned the house and held an equitable interest in the lot, but his

interest in both was to be surrendered to plaintiff under the agreement between the parties. He could not obtain possession of the notes under this contract and deprive plaintiff of the house by removing it off the lot and retaining its possession. The instruction was applicable to the facts of the case, and correctly holds that in the absence of terms of the agreement giving defendant that right, he could not remove the house simply on the ground that it was built with the intention of removing it.

In our opinion the law of fixtures, discussed at some length by defendant's counsel, has no application to the case. It is not necessary for us to consider that subject.

We think the verdict is sufficiently supported by the evidence. The foregoing consideration disposes of all the questions arising in the case.

AFFIRMED.